IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CARLOS MARTINEZ, JR. | § | CASE NO: 06-10124 |
| and | § | |
| ROSALINDA MARTINEZ | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 1**3** |

### MEMORANDUM OPINION AND ORDER OBJECTION TO PLAN CONFIRMATION

On this day came on for consideration the Objection to Confirmation of Debtors' Plan filed by Capital One Auto Finance ("COAF"). The Court, having heard the evidence and arguments of counsel, finds that the Objection should be overruled and the plan confirmed.

### BACKGROUND

Rosalinda and Carlos Martinez (the "Debtors") purchased a 2004 Ford Taurus (the "Vehicle") on July 22, 2004, from Knapp Chevrolet. The Debtors signed a note and security agreement to finance the purchase with COAF. Debtors filed their chapter 13 bankruptcy petition on February 22, 2006, within 910 days of the date the debt to COAF was incurred. On the date the petition was filed, COAF was owed $20,553.81. The parties agree that COAF's lien is a purchase money security interest. Mr. Martinez uses the Vehicle to travel to and from work and occasionally uses the Vehicle within the scope of his employment for work-related errands.

Debtors proposed to bifurcate COAF's claim into secured and unsecured portions. Debtors propose to pay the secured portion of the Vehicle in the amount of $12,761.88, at 9.5% interest over the life of the plan. The remaining amount of $7,791.93 will be treated as an unsecured claim. COAF objects to plan confirmation based on the Debtors' proposed bifurcation of the debt.

**DISCUSSION**

The Court has jurisdiction over the subject matter of this issue pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding. 28 U.S.C. §157(b)(2)(B),(K), (L), & (O).

The Bankruptcy Code was amended by the BAPCPA effective October 17, 2005. Among the changes to the Code was the addition of a final, unnumbered, paragraph in 11 U.S.C. §1325(a) (the "Hanging Paragraph"), which provides as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day(sic) preceding the date of the filing of the petition, the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

-- 11 U.S.C. §1325(a)().

If a secured creditor does not agree to its treatment under a chapter 13 plan, the plan must provide that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. §1325(a)(5)(B)(i) and (ii). Section 506 of the Bankruptcy Code is the provision which allows a debtor to bifurcate a secured claim into an unsecured and secured claim when the value of the collateral is less than the amount of the debt. 11 U.S.C. §506(a).

The Hanging Paragraph allows cram-down of a vehicle only if the creditor holds a purchase money security interest, the debt was incurred within 910 days of the date the bankruptcy petition was filed, and the vehicle was acquired for the personal use of the debtor. In this case, the first two requirements are conceded by the Debtors. The issue before the Court therefore is whether the Vehicle was acquired for the personal use of the Debtors.

"Personal use" is not defined in the Bankruptcy Code. Courts interpreting the term have developed a variety of approaches. One approach suggests that the term is "satisfied if the

acquirer intended a debtor's personal use to be significant and material." *In re Solis*, 356 B.R. 398, 409  (Bankr.S.D.Tex. 2006); *In re Wilson*, 2006 WL 3512921 (Bankr. D. Kan. 2006). Another approach suggests that the Internal Revenue guidelines should apply, which provide that vehicles used for transportation to and from work are not business property. *See, e.g. Wilson, supra*. at n. 14; *In re White*, 2006 WL 2827321 (E.D. La. 2006). Finally, other Courts apply a totality of the circumstances test on a case-by-case basis, and holds that a vehicle is not for personal use if it enables a debtor to make a significant contribution to the family income. *In re Johnson*, 350 B.R. 712 (W.D. La. 2006); *In re Hill*, 352 B.R. 69 (Bankr. W.D.La. 2006).

Having considered all the scholarly approaches to the conundrum provided by Congress, this Court believes that the totality of the circumstances/significant contribution test best utilizes the Hanging Paragraph. The Court must assume that Congress knew what they were saying when the amendment was drafted. If Congress wanted Courts to use the IRS definition of personal use it could easily have added that language. Clearly Congress knows how to integrate IRS standards into the Bankruptcy Code because it specifically did so in 11 U.S.C.§707(b)(2)(A)(ii)(I). *See, In re Johnson, supra*. at 715.  The court also rejects the interpretation that a vehicle is acquired for personal use if that use is "significant and material." *See, In re Solis, supra* .

The Hanging Paragraph favors one set of secured creditors over others and should therefore be strictly construed. The Court holds that "a substantial factor in considering the totality of the circumstances is whether the acquisition of the vehicle enabled the debtor to make a significant contribution to the gross income of the family unit. If it did, then this court concludes that the vehicle was not 'acquired for the personal use of the debtor.'" *In re Johnson, supra.*   at 716.

Turning to the facts of this particular case and looking at the totality of the circumstances, the Court finds that the Vehicle was not acquired for personal use because from the time of

purchase, Mr. Martinez used the vehicle for transportation to and from his employment and for work-related errands. The Vehicle allowed Mr. Martinez to make a significant contribution to the family's gross income, which he could not have made without use of the vehicle. *Id*. Accordingly, the Court finds that the Vehicle was not acquired for the personal use of the Debtors as contemplated by the Hanging Paragraph and therefore the plan is confirmable.

## CONCLUSION

For the reasons set forth above, the Court finds that COAF's objection to confirmation should be overruled and the plan should be confirmed.

SIGNED 03/12/2007.

RICHARD S SCHMIDT
United States Bankruptcy Judge